UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARK MENSLER,

                    Plaintiff,                          **OPINION & ORDER**

       -against-                                   13 Civ. 6901 (JCM)

WAL-MART TRANSPORTATION, LLC,
NATIONAL FREIGHT, INC., NFI WWD, INC.
and NFI INTERACTIVE LOGISTICS, LLC,

                    Defendants.
----------------------------------------------------------------x

       Before the Court is the motion by Defendants Wal-Mart Transportation, LLC, National Freight, Inc., NFI WWD, Inc. and NFI Interactive Logistics, LLC ("Defendants") to bifurcate the liability and damages phases of the trial in this action. (Docket No. 31). Plaintiff Mark Mensler ("Plaintiff") opposes the motion. (Docket No. 34). For the reasons set forth below, Defendants' motion to bifurcate is denied.

## I. BACKGROUND

       On July 23, 2013, Plaintiff commenced this action by filing a Summons and Verified Complaint with the Dutchess County Clerk's Office to recover for injuries he sustained in an automobile accident on June 10, 2011. (Docket No. 1, Ex. A). On September 30, 2013, Defendants filed a petition to remove the action to the United States District Court for the Southern District of New York, based on diversity of citizenship and an amount in controversy greater than $75,000. (Docket No. 1).

       The parties dispute the facts surrounding the accident on June 10, 2011. However, the following facts are not in dispute: on June 10, 2011, Plaintiff was driving a white Ford van in a northerly direction in the center lane of the New York State Thruway, sometime between 8:00 and 8:30 p.m. (Docket Nos. 33, 35). In the left lane, Terry Eckes (nee Sous), a non-party, was

driving a Honda CRV parallel to Plaintiff. (*Id.*). In the right lane, Jerome Brown, a non-party to this action but an employee of Defendant National Freight, Inc., was operating a tractor-trailer. (Docket No. 33). The tractor was owned by Defendant National Freight, Inc. and the attached trailer was owned by Defendant Wal-Mart Transportation, LLC. (*Id.*). Both Plaintiff and Mr. Brown testified at their depositions that they were familiar with the stretch of road where the accident occurred prior to the accident. (Mensler Depo. at 64; Brown Depo. at 25). The accident occurred after the Harriman Toll Plaza, where the New York State Thruway has three lanes, but the three lanes of traffic gradually merge into two lanes. (Mensler Depo. at 62; Brown Depo. at 27-28). Signage indicates that the right lane must merge with the center lane. (*Id.*). As a result of the accident, both Plaintiff's van and the Honda CRV overturned. (Docket Nos. 33, 35). No one contends that any vehicle made contact with Defendants' tractor-trailer. (*Id.*).

The remaining facts are in dispute. Witnesses testified at their depositions that all three vehicles were driving between 60 and 65 miles per hour. (Gallo Depo. at 8[1]; Eckes Depo. at 30[2]; Mensler Depo. at 65[3]; Gallo-Bayliss Depo. at 13[4]). Mr. Brown contends he was driving between 55 and 60 miles per hour. (Brown Depo. at 35[5]). Plaintiff alleges that Mr. Brown negligently merged into the center lane when Plaintiff's van was alongside Mr. Brown's vehicle, causing Plaintiff to veer into the left lane and into the Honda CRV. (Docket No. 35). Defendants,

---

[1] Refers to the transcript of Andrew Gallo's deposition testimony, attached to Plaintiff's Declaration in Opposition to Bifurcation at Exhibit A. (Docket No. 34).

[2] Refers to the transcript of Terri Eckes' deposition testimony, attached to Plaintiff's Declaration in Opposition to Bifurcation at Exhibit B. (Docket No. 34).

[3] Refers to the transcript of Plaintiff's deposition testimony, attached to Defendants' Motion to Bifurcate at Exhibit D. (Docket No. 31).

[4] Refers to the transcript of Irene Gallo-Bayliss' deposition testimony, attached to Defendants' Motion to Bifurcate at Exhibit F. (Docket No. 31).

[5] Refers to the transcript of Mr. Brown's deposition testimony, attached to Defendants' Motion to Bifurcate at Exhibit E. (Docket No. 31).

however, allege that Mr. Brown activated his turn signal and merged into the center lane while Plaintiff's van was fully behind the tractor-trailer's rear bumper. (Docket No. 33). Defendants also contend that, while merging, Mr. Brown observed through his side-view mirror that Plaintiff was driving his van erratically. (*Id.*). According to Mr. Brown, Plaintiff suddenly moved his van to the left and struck the Honda CRV in the left lane. (Brown Depo. at 32). The parties also dispute whether Mr. Brown had the right of way in merging into the center lane, or whether his operation of the tractor-trailer was in violation of New York Vehicle & Traffic Law, which would be *prima facie* evidence of negligence. (Docket Nos. 33, 36).

The liability portion of the trial will consist of the testimony of five eyewitnesses: (1) Mr. Brown; (2) Ms. Eckes; (3) Andrew Gallo; (4) Irene Gallo-Bayliss; and (4) Plaintiff. Plaintiff suffered memory loss as a result of the accident. (Mensler Depo. at 8-9). Consequently, his recollection of the event is limited. (*Id.*). Mr. Gallo and Ms. Gallo-Bayliss were driving behind the three vehicles involved and witnessed the accident. (Docket No. 35). Plaintiff also intends to call Mr. Gallo and Ms. Gallo-Bayliss on the damages phase of the trial. They both testified at their depositions that they stopped to render assistance following the accident. (Gallo Depo. at 10; Gallo-Bayliss Depo. at 20). Their deposition testimony was that Plaintiff "looked like he was scalped and was knocked out unconscious, breathing heavy" and "it looked like [] his face was peeled off." (*Id.*).

Plaintiff will present at the damages stage of trial evidence that he suffered significant injuries. These injuries include traumatic brain injury, nasal bone fracture, forehead and occipital lacerations requiring staples for closure, cognitive impairment, loss of memory, headaches, dizziness, vertigo and a long list of orthopedic injuries, including permanent injuries

to his left arm and cervical spine. (Mensler Resp. at 3-9, No. 7[6]). Additionally, Plaintiff contends that a number of pre-existing conditions were exacerbated and/or aggravated by the accident: a pre-existing seizure disorder, a left hip injury, for which he had surgery in 2006, and an injury to his lumbar spine from 1998, among others. (Mensler Resp. at 11-12, No.12). Plaintiff has indicated that he may call approximately four witnesses on his damages case. Defendants report that they intend to call five to six medical experts regarding damages. (Docket No. 36).

## II. DISCUSSION

### A. LEGAL STANDARDS

Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") allows the Court to bifurcate the liability and damages issues "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The decision whether to bifurcate a trial rests firmly within the broad discretion of the district court. *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir. 1988). Bifurcation is "the exception, rather than the rule." *Lennon v. Seaman*, 2002 WL 109525, at *9 (S.D.N.Y. Jan. 28, 2002). Because "[a] single trial tends to lessen the delay, expense and inconvenience to all concerned[,]" bifurcation is "to be employed only in exceptional circumstances[.]" *Hirschheimer v. Assoc. Metals & Minerals Corp.*, 1997 WL 528057, at *9 (S.D.N.Y. Aug. 27, 1997).

The Court's consideration of bifurcation requires a factual and legal analysis of each case, and therefore there is no bright-line test under Rule 42(b). *Ferrante v. Metro-North Commuter R.R.*, 2007 WL 1793447 (S.D.N.Y. June 18, 2007). Courts have generally considered the following factors, among others, in determining whether bifurcation is appropriate: "whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the

---

[6] Refers to Plaintiff's Response to First Set of Interrogatories, attached to Defendants' motion to bifurcate at Exhibit C. (Docket No. 31).

trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion." *Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 335, 337 (S.D.N.Y. 2013); *see also German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995) (listing factors as: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted.")

Cases in which bifurcation has been granted or denied can be informative but are not decisive in a Rule 42(b) analysis, since "[b]y its very nature, discretion yields differing outcomes." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999); *see also Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 245 (S.D.N.Y. 1993). To the extent that previous cases granting or denying bifurcation have informed my decision, I will discuss them here.

In *Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1846864 (S.D.N.Y. Apr. 8, 2003), Judge Preska ordered bifurcation of liability and damages in a wrongful death and personal injury suit brought by the two widows and a victim of an attack at an Egyptian hotel. Judge Preska reasoned that the evidence of liability, which focused on whether the security at the hotel in question was appropriate, was unrelated to the damages suffered by the victims and their families. *Id.* at *1. Additionally, only two out of the thirty expected witnesses would be testifying to both issues, and their testimony on the issues of liability and damages was not intertwined. *Id.* at *2. Finally, Judge Preska found that the "emotional and heart-rending testimony of the plaintiffs as to the pain and suffering they and their loved ones experienced as a

result of the tragic events of October 26, 1993 [would] unquestionably cloud a jury's ability to render an objective verdict on the issue of liability." *Id.* As such, bifurcation was granted. *Id.* Similarly, bifurcation of liability and damages was granted in *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 98 (S.D.N.Y. 2001), a products liability case. In *Colon*, Judge Scheindlin found that the evidence relating to a child's disfiguring burns would "arouse juror sympathy and frustrate the jury's deliberation on complex factual issues regarding the design or manufacture of the subject lighter." *Id.* Moreover, the evidence was not intertwined. *Id.*

In contrast, in *Chase v. Near*, 2007 WL 2903823 (W.D.N.Y. Sept. 25, 2007), the court denied the motion to bifurcate liability and damages where a minor plaintiff passenger in a motor vehicle accident suffered facial disfigurement, depression, and aggravation of a pre-existing psychological condition. The court acknowledged that the issues of liability and damages were different and potentially severable. *Id.* at *2. However, the court concluded that there would be "some overlap of witnesses," and "no possibility of confusion on the part of the jury if liability and damages were tried together." *Id.* Additionally, the court "recognize[d] the sympathetic nature of a young plaintiff and the potential of prejudice to the defendants[,]" but found that "there [were] no particular factors specific to [that] case that distinguish[ed] the potential for prejudice [t]here from the prejudice which is normally and customarily dealt with through an appropriate charge and curative instructions where necessary." *Id.* (internal quotations omitted). Similarly, in *Blakeman v. Newman*, 2011 WL 5971232 (N.D.N.Y. Nov. 28, 2011), a motion for bifurcation of liability and damages was also denied in a vehicle-related wrongful death suit after a decedent fell off of the tailgate of a truck driven by the defendant.

Here, Defendants argue that there is no overlap on the issues of liability and damages. In addition, they note that a lengthy and expensive trial on damages would be avoided if the matter

were bifurcated and Defendants were successful at the liability stage, which they aver they will be. Moreover, Defendants contend that there would be no prejudice to either party if the case were bifurcated. However, if the case were not bifurcated, Defendants maintain that they would be prejudiced because the jury would decide the case based on emotions. Plaintiff disagrees and points out that Andrew Gallo and Irene Gallo-Bayliss are witnesses to both liability and damages and would be forced to testify twice if the matter were bifurcated. Plaintiff also argues that the determination of liability is not a complex factual analysis, and the injuries are not so severe that the jury will be swayed by emotions. Finally, Plaintiff maintains that he is likely to be successful at the liability stage of the proceedings and, thus, bifurcation would not produce any economies of trial.

The evidence in this matter regarding liability and damages, while separate and potentially severable, overlaps. For example, Andrew Gallo and Irene Gallo-Bayliss will testify to both liability and damages. The issues arising from Plaintiff's loss of memory may also be relevant at both stages of the trial. Furthermore, this case does not present complex legal or factual questions, as the manufacturing/product design issues did in *Colon ex rel. Molina*. Moreover, although economy of judicial resources is clearly a goal of Rule 42(b), Defendants' argument that they are likely to succeed at the liability stage, thereby eliminating the need for a second trial, is not persuasive. This argument could be made in every case. *See Computer Associates Intern., Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007). The Court cannot predict who will be successful at the liability stage, and therefore this argument does not justify bifurcation.

Additionally, Defendants argue that the damages evidence could unfairly influence a jury on the question of liability. While Plaintiff's injuries are severe, they are not more severe than

injuries often found in personal injury cases, and would not prevent a jury from assessing this case impartially. *See Ferrante*, 2007 WL1793447, at *3. The potential for prejudicing the jury is much less than that present in *Guidi*, where evidence of an attack in which gunmen shot and killed businessmen in a hotel had greater likelihood for swaying the jury's emotions. Where the prejudicial effect of the damages evidence can be cured with a limiting instruction to the jury, as is the case here, bifurcation is not justified. *See Dollman v. Mast Indus., Inc.*, 2011 WL 3911035, at *2 (S.D.N.Y. Sept. 6, 2011). Accordingly, the Court finds this case to be most similar to *Chase v. Near* and *Blakemen v. Newman* and therefore adopts the reasoning in those decisions to find that bifurcation is not warranted.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to bifurcate the trial pursuant to Rule 42(b) is denied. The Clerk is respectfully requested to terminate the pending motion (Docket No. 31).

Dated:   November 24, 2015
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge